**NEIMAN MARCUS GROUP, INC. and Bergdorf Goodman, Inc., Plaintiffs–Counter–Defendants,**

and

**Paul Morelli Design, Inc., Plaintiff–Counter–Defendant–Appellee,**

v.

**A'LOR INTERNATIONAL, LTD., A California Corporation, Consolidated–Plaintiff–Defendant–Counter–Claimant–Appellant,**

and

**Fred S.A., Consolidated–Plaintiff,**

and

**Philippe Charriol International, Ltd., Defendant–Counter–Claimant–Appellant.**

No. 00–9504.

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Kyle Bisceglie, Jeffrey F. Gersh, Lawrence Ecoff, and Rochelle A. Herzog, of Zimmerman, Rosenfeld, Gersh & Leeds, LLP, Beverly Hills, CA; Michael B. Kent, of Kent Beatty & Gordon, LLP, New York, NY, for defendants-appellants.

Dennis Wade, Wade Clark Mulcahy, New York, NY, for plaintiff-appellee.

Present MINER, McLAUGHLIN and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is VACATED and REMANDED for further proceedings.

The parties to this litigation dispute the validity of a trademark on the use of twisted-wire cable as an integral element of jewelry. The plaintiff-appellee, Paul Morelli Design, Inc. ("Morelli"), brought a declaratory judgment action against the trademark holder, defendants-appellants Philippe Charriol International, Ltd. and A'Lor International, Ltd. (collectively "Charriol"). Morelli argues, among other claims, that twisted-wire cable is a functional element of jewelry, and that Charriol's trademark is therefore unenforceable. On summary judgment, the United States District Court for the Southern District of New York (Charles L. Brieant, *District Judge*) agreed and granted declaratory relief in favor of plaintiff Paul Morelli Design, Inc. The District Court's judgment stated that Morelli may incorporate twisted-wire in its jewelry and that Morelli's existing jewelry does not infringe any protectable trademark or trade dress right of Charriol. Charriol now appeals from that judgment. We conclude that the District Court improperly granted summary judgment and that further proceedings are warranted. Accordingly, we vacate the judgment and remand the case for further proceedings.

Charriol sells a line of jewelry that incorporates a twisted-wire cable in its design. Charriol has a registered trademark dated February 27, 1990, for "clocks, watches and jewelry" which "consists of metallic nautical rope design as an integral feature." It is undisputed that this "metallic nautical rope design" is twisted-wire cable, and that use of this cable can make jewelry more flexible and springy than other, thicker wire. When used in the manufacture of necklaces and bracelets, the flexible cable may be deformed temporarily to fit around one's hand or neck, and can then be returned to its proper shape once in place. The flexibility also permits the designer to dispense with hinges, clasps, buckles, and other closing mechanisms. Charriol, however, often uses the twisted-wire cable not for these functional characteristics, but to ornament jewelry such as earrings and cufflinks.

Morelli has designed, manufactured, and marketed jewelry which incorporates twisted-wire cable. Charriol argues that this jewelry violates its protectible trademark and trade dress rights. Morelli contends that the "metallic nautical rope design" is essential to the use of the jewelry, and it is thus unprotectible pursuant to the functionality doctrine.

We review a District Court's grant of summary judgment *de novo.* *See Nora Beverages, Inc. v. Perrier Group of America, Inc.,* 164 F.3d 736, 742 (2d Cir.1998). A grant of summary judgment is appropriate only where there are no genuine disputes of material fact, and we draw all inferences in favor of the party opposing the motion. *See id.*

Both a trademark and a trade dress are eligible for protection only if they are nonfunctional. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 769, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992); *LeSportsac, Inc. v. K Mart Corp.,* 754 F.2d 71, 75 (2d Cir.1985). A functional feature "is essential to the use or purpose of an article or . . . affects the cost or quality of the article." *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 850 n. 10, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). A design feature "affecting the cost or quality" of a product is one which "permits the article to be manufactured at a lower cost." *Stormy Clime Ltd. v. ProGroup, Inc.,* 809 F.2d 971, 977 (2d Cir.1987). The functionality inquiry involves the assessment of a number of issues: "the degree of functionality of the similar features, the degree of similarity between the non-functional (or-namental) features of the competing products, and the feasibility of alternative arrangements of functional features that would not impair the utility of the product." *Id.* (citations omitted).

The central question on this appeal is whether the use of twisted-wire cable in jewelry is unprotectible under trademark and trade dress law pursuant to this functionality inquiry. While Morelli may ultimately demonstrate this to be the case, we believe that there remain genuine disputes of material facts on this question which require resolution by trial. The District Court reached its conclusion about functionality based on three considerations: (1) the twisted-wire cable has an unusual flexibility and springiness; (2) incorporation of the twisted-wire cable permits the designer to dispense with any separate clasping mechanism, which may lower manufacture and design costs; and (3) twisted-wire cable has been used "for ages" and dates back and was common in Celtic jewelry. We will review each of these seriatim.

First, while there is no dispute that twisted-wire cable is springy and flexible, there is a dispute as to the import of those features in the manufacture of jewelry. Charriol's affidavits state that Charriol does not use twisted-wire cable for its functional characteristics, that the cable is not essential to the use or purpose of any jewelry, and that Charriol has never advertised the allegedly special functional characteristics of jewelry containing twisted-wire cable. Charriol also argues that statements by Paul Morelli support its contention that twisted-wire cable does not provide any powerful functional advantage since there are a great number of materials and designs available to the company and the jewelry's quality would not suffer if manufactured out of other materials. In other words, there is a dispute as to whether the twisted-wire cable is in fact being used because of its functional, as opposed to aesthetic, qualities. And, if it is being used for these functional characteristics, it is disputed whether there are

so many design and material alternatives that the trademark imposes no competitive disadvantage. Drawing all inferences in Charriol's favor, we cannot conclude as a matter of law that the trademarked twisted-wire cable is functional.

Regarding the conclusion that twisted-wire cable creates a cost advantage, the District Court apparently inferred that it *may* confer such an advantage because a designer and manufacturer may dispense with clasping mechanisms. Drawing inferences in favor of Charriol, however, leaves us unable to agree that Morelli has offered conclusive evidence of any cost advantage associated with the use of twisted-wire cables. It might be that the cost of simple wire with a clasp, or alternative materials, are still cheaper than twisted-wire cable. On summary judgment, the District Court's inference was impermissible.

Finally, it is unclear to us how the Celtic origin of twisted-wire cable, or its use through the ages, affects the *functionality* defense.

Accordingly, we believe that the District Court improperly granted summary judgment in favor of Morelli. For the reasons set forth, we VACATE the judgment of the District Court and REMAND for further proceedings consistent with this summary order.